# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re:<br><br>GERALD J SAWEIKIS and EILEEN T SAWEIKIS<br><br>Debtor(s) | Case No. 1:21-bk-02636<br><br>Chapter 13<br><br>Honorable Jacqueline P. Cox |

## REPORT OF DISPOSITION OF CLAIM

**NOW COMES** Joseph S. Davidson, formerly of Law Offices of Joseph P. Doyle LLC, in response to the Court's August 29, 2022 Order Requiring Report of Disposition of Claim, stating as follows:

1. On February 28, 2021, Gerald J. Saweikis and Eileen T. Saweikis (hereinafter, referred to as "Debtors") filed a voluntary petition for relief under Chapter 13, Title 11, United States Code.

2. The Debtors' Chapter 13 Plan, filed February 28, 2021, which was noticed to creditors by the Bankruptcy Noticing Center on March 3, 2021, provided:

**Part 3:**  **Treatment of Secured Claims**

***

    **3.5**    **Surrender of collateral**

*Check one:*
- ☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
- ■ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claims resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| **Dmi/bmo Harris Bank Na** | **8440 W. 122nd Place Palos Park, IL 60464-3103 Cook County** |
| **Dmi/bmo Harris Bank Na** | **8440 W. 122nd Place Palos Park, IL 60464-3103 Cook County** |

3. The Bankruptcy Noticing Center, in accordance with applicable rules, notified the creditors listed in the Debtors' schedules of the date set for the meeting of creditors, the last day for the filing of complaints to determine the dischargeability of debts under 11 U.S.C. § 523(c) or objections to the discharge of the Debtors, and the deadline for all creditors to file a proof of claim.

4. The Notice of Chapter 13 Bankruptcy Case advised creditors that:

> The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts form the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

5. BMO Harris sent a mortgage statement to the Debtors on May 27, 2022.

6. The mortgage statement included a "good through" date, amount of past due payments, and a payment coupon specifying the amount due.

7. Furthermore, the mortgage statement specified: "**Past Due – Immediate Payment Required**."

8. The monthly statement did not include any express acknowledgement of the Debtors' bankruptcy or any indication that payment is voluntary.

9. Instead, the monthly statement merely included a boilerplate bankruptcy disclaimer.

10. Indeed, the Mortgage Servicing Rules Under the Truth in Lending Act (Regulation Z), 83 FR 10553-01 (to be codified at 12 C.F.R. § 1026) proscribes, *inter alia*, that servicers of mortgage loans must provide periodic statements "for each billing cycle" of such loans to consumer obligors. 12 C.F.R. § 1026.41(a)(1)-(2).

11. However, there is a bankruptcy exemption when: (a) a "***consumer on the mortgage loan is a debtor in bankruptcy under title 11 of the United States Code*** or has discharged personal

liability for the mortgage loan pursuant to 11 U.S.C. §§ 727, 1141, 1228, or 1328"; and (b) one of four additional conditions are met:

> (1) The consumer requests in writing that the servicer cease providing a periodic statement or coupon book;
>
> (2) ***The consumer's bankruptcy plan provides that the consumer will surrender the dwelling securing the mortgage loan***, provides for the avoidance of the lien securing the mortgage loan, or otherwise does not provide for, as applicable, the payment of pre-bankruptcy arrearage or the maintenance of payments due under the mortgage loan;
>
> (3) A court enters an order in the bankruptcy case providing for the avoidance of the lien securing the mortgage loan, lifting the automatic stay pursuant to 11 U.S.C. 362 with regard to the dwelling securing the mortgage loan, or requiring the servicer to cease providing a periodic statement or coupon book; or
>
> (4) The consumer files with the court overseeing the bankruptcy case a statement of intention pursuant to 11 U.S.C. 521(a) identifying an intent to surrender the dwelling securing the mortgage loan and a consumer has not made any partial or periodic payment on the mortgage loan after the commencement of the consumer's bankruptcy case.

12 C.F.R. § 1026.41(e)(5)(i)(A)-(B).  (emphasis added).

12. On June 17, 2022, Debtors filed a Motion for Sanctions against BMO Harris Bank, N.A. (hereinafter, referred to as "BMO Harris") for Violation of the Automatic Stay.  [Dkt. #39].

13. In July of 2022, Counsel for Debtors and BMO Harris participated in settlement discussions.

14. Those talks resulted in an agreement that BMO Harris pay $3,000.00 and refrain from sending mortgage statements to Debtors.

15. Within thirty (30) business days following the later of: (i) receipt by counsel for BMO Harris of copies of the Settlement Agreement which have been duly signed and executed by Debtors and their counsel; and (ii) execution of the Settlement agreement by BMO Harris's duly authorized representatives; and (iii) receipt by BMO Harris of the tax identification information of

Debtors; and (iv) withdrawal of the Motion, BMO Harris shall tender to Debtors' counsel a check in the amount of $3,000.00 made payable to "Law Offices of Joseph P. Doyle LLC."

16. Counsel for BMO Harris is in receipt of Debtors' executed Settlement Agreement and tax identification information.

17. Moreover, a Notice of Withdrawal of Debtors' Motion for Sanctions/Damages for Violation of the Automatic Stay was filed on August 21, 2022 [Dkt. #43] per the Settlement Agreement.

18. Accordingly, BMO Harris shall tender to Debtors' counsel, Law Offices of Joseph P Doyle LLC, a check in the amount of $3,000.00—to be disbursed as follows: $1,000.00 to Debtors and $2,000.00 to Law Offices of Joseph P. Doyle LLC for costs of the action, together with attorney's fees incurred.  Joseph S. Davidson will receive nothing.

DATED: September 7, 2022                Respectfully submitted,

*/s/ Joseph S. Davidson*

Joseph S. Davidson
OTTOSEN DINOLFO HASENBALG &
CASTALDO, LTD.
1804 North Naper Boulevard
Suite 350
Naperville, IL 60563
+1 630-682-0085
jdavidson@ottosenlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of Illinois by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing documents by First-Class Mail, postage prepaid, to the following non-CM/ECF participants:

| | |
|---|---|
| Gerald J Saweikis | Eileen T Saweikis |
| 8440 West 122nd Place | 8440 West 122nd Place |
| Palos Park, Illinois 60464 | Palos Park, Illinois 60464 |

*/s/ Joseph S. Davidson*